UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR L. BINION,

    Plaintiff,

v.                                                                            Case No. 1:08-cv-15
                                                                               Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on May 3, 1955 and has earned a GED (AR 55, 77).[1] He alleges a disability onset date of October 23, 1998 (AR 55). Plaintiff had previous employment in the automotive industry as a spray painter and plant maintenance worker (AR 80-82). Plaintiff identified his disabling condition as back problems involving L4-5, L5-S1 and a herniated disc (AR 67). Plaintiff stated that because of these conditions he is restricted in lifting, pushing and pulling, with no overhead stacking (AR 67). In addition, he has limitations in standing, sitting and walking (AR 67). Plaintiff stated that he stopped working on October 23, 1998 when his job was phased out (AR 67). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ)

---

[1] Citations to the administrative record will be referenced as (AR "page #").

reviewed the claim *de novo* and entered a decision denying the claim on February 9, 2007 (AR 14-23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of October 23, 1998 through his last insured date of December 31, 2003 (AR 16). Second, the ALJ found that he suffered from a severe impairment of "degenerative disc disease, status-post laminectomy" (AR 16). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19).

The ALJ decided at the fourth step that, through his last insured date, plaintiff had the residual functional capacity (RFC):

> to perform light work activity. Claimant can lift/carry up to 20 pounds occasionally and 10 pounds frequently. He can stand/walk up to six hours and sit up to six hours. He requires the option to sit or stand at will. He cannot bend, twist, or turn repetitively and cannot climb, crawl, squat, or kneel.

(AR 19). The ALJ found that plaintiff could not perform any of his past relevant work (AR 21)

At the fifth step, the ALJ determined that plaintiff could perform a number of jobs in the regional economy (the Lower Peninsula of Michigan), which included: cashier (16,000 jobs); general office clerk/receptionist (10,000 jobs); and ticket sales (1,500 jobs) (AR 22). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act at any time from the alleged onset date of October 23, 1998 to his last insured date of December 31, 2003, and entered a decision denying benefits (AR 22-23).

**III. ANALYSIS**

Contrary to the court's order directing filing of briefs, plaintiff's initial brief did not include "a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 5. Plaintiff has expended little effort to develop an appealable issue in this case. Nevertheless, it appears that plaintiff disputes the ALJ's credibility determination.

An ALJ's credibility determinations are accorded deference and not lightly discarded. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). *See also Tyra v. Secretary of Health and Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (ALJ may dismiss claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict). In short, the court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Plaintiff contends that the ALJ improperly disregarded "substantial evidence of an objective nature" that demonstrated a "severe orthopedic impairment in Plaintiff's spine." Plaintiff's Brief at 4. Plaintiff states that "[v]irtually, all of the evidence supported Plaintiff/Appellant's contention of discomfort, pain and limitation." *Id.* The gist of plaintiff's one-paragraph argument is that

> The ALJ was precluded from disregarding these allegations by simply stating they were not credible due to anecdotal references to limited activity. Cowen v. Secretary

> of Health & Human Services, 964F.2d F24, F28-29 [sic] (Sixth Circuit 1992).  In summary, the ALJ did not reasonably conclude that Plaintiff/Appellant's allegations regarding the extent of his impairment was entirely credible.[2]

*Id.*

In *Cohen*, the Sixth Circuit observed that the plaintiff's successful attendance law school on a part-time basis was probative of whether she was capable of engaging in substantial gainful activity.  *Cohen*, 964 F.2d at 531.  However, given the nature of the plaintiff's illness, the court determined that her attendance at law school did not provide substantial basis for the ALJ's conclusion that the plaintiff had the residual capacity to engage in substantial gainful employment.  *Id.*

Here, plaintiff neither addressed the ALJ's credibility findings in any detail nor explained why those findings are not supported by substantial evidence.  He fails to explain how either his restrictions are analogous to the plaintiff's in *Cohen* (i.e., chronic fatigue syndrome) or why the court should consider *Cohen* as controlling authority.  Plaintiff's administrative record consists of 449 pages and contains nearly 200 pages of medical records.  There is a sufficient record from which plaintiff could have developed some factual support for his credibility argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  A court need not make the lawyer's case by scouring the party's various

---

[2]It appears that plaintiff intended to cite the opinion of *Cohen v. Secretary of Health and Human Services*, 964 F.2d 524 (6th Cir. 1992).

submissions to piece together appropriate arguments.  *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).  Accordingly, the court deems this argument waived.

In this case, the ALJ performed an extensive review of plaintiff's medical history and evaluated his credibility (AR 16-21).  Based on this review, the ALJ concluded that plaintiff had a number of restrictions that affected his ability to perform work related activities.  For example, he can only perform jobs which provide a sit/stand option; which do not require him to bend, twist, turn repetitively, climb, crawl, squat or kneel;  and which involve lifting no more than 20 pounds occasionally and 10 pounds frequently (AR 19).  These restrictions are supported by substantial evidence as found in the records of plaintiff's treating physician, examining physicians and the DDS non-examining physician (AR 213, 221, 269-74, 380-94).  Neither plaintiff's consulting physician nor his treating physician found his condition to be work preclusive (AR 213, 221).  Based upon the testimony of a vocational expert, the ALJ found that plaintiff could work at approximately 27,500 jobs in the regional economy (AR 22).  Plaintiff has not demonstrated that the ALJ's decision is defective in any manner.  Accordingly, the Commissioner's decision denying benefits should be affirmed.

**IV.     Recommendation**

For these reasons, I  respectfully recommend that the Commissioner's decision be affirmed.

Dated:  December 23, 2008　　　　　　　　　　　　/s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).